NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 2 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIN ZHAO,<br><br>    Petitioner,<br><br> v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>    Respondent. | No. 14-73838<br><br>Agency No. A205-767-785<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 29, 2020**

Before: TROTT, SILVERMAN, and N.R. SMITH, Circuit Judges.

Lin Zhao, a native and citizen of China, seeks review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his applications for asylum, withholding of removal and

protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252 to review final orders of removal.

---

  * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  ** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Jiang v. Holder,* 611 F.3d 1086, 1091 (9th Cir. 2010). As the government reminds us, we review the "Board's decision – the final agency decision – and not the immigration judge's decision." *See Shah v. INS*, 220 F.3d 1062, 1067 (9th Cir. 2000).

We grant the petition for review as to the claims for asylum and withholding of removal and remand for further proceedings on those claims. We deny the petition for review as to the CAT claim.

To be entitled to refugee status and therefore eligible for asylum, the spouse of a person subjected to a forced sterilization must demonstrate that he "'resisted' China's coercive population control program." *Matter of J-S-*, 24 I. & N. Dec. 520, 523-24, 537 (A.G. 2008). Because the BIA "assum[ed] that the respondent demonstrated 'other resistance'", this issue is not before us. As the government states in its brief, whether or not "the immigration judge erred in finding that [Zhao] did not offer 'other resistance'" is "not relevant to this Court's review." We accept the government's articulation of the live issues.

The BIA concluded, however, that Zhao did not suffer past persecution, which he must also demonstrate to be eligible for asylum. But the record compels a finding of past persecution based on the totality of the circumstances. *See Nai Yuan Jiang v. Holder*, 611 F.3d 1086, 1094 (9th Cir. 2010) ("[A]pplicants may present proof, of which their spouse's treatment *may be a part*, of persecution for

refusing to undergo forced abortion or sterilization procedures or for engaging in other resistance to a coercive population control program." (internal quotation marks omitted) (quoting *J-S-*, 24 I. & N. Dec. 535). The cumulative harm here is at least equivalent to those in *Nai Yuan Jiang*.

In 2008, Zhao's wife was subjected to a forced abortion. During the same procedure, an intrauterine device ("IUD") was forcibly inserted into her body. In 2010, Zhao and his wife had the IUD secretly removed by a private doctor without permission from government authorities. In November, 2011, a daughter was born to Zhao and his wife. In December, 2011, government Family Planning officials discovered the couple's transgression and came to their home to take his wife for sterilization. When Zhao resisted, a Family Planning official stomped on his foot and administered a blow to his head, knocking him down. A neighbor took him to the hospital where he was "patched up". However, police officers arrived at the hospital before he could leave and took him to the police station where he was kicked and shocked with an electric baton, causing him to fall down. *Quan v. Gonzales*, 428 F.3d 883, 888–89 (9th Cir. 2005) ("Using an electrically-charged baton on a prisoner . . . may constitute persecution, even when there are no long-term effects and the prisoner does not seek medical attention."). The police accused him of being "blatantly anti-government". Zhao testified that the police objected to "hiding and having the IUD removed". The police detained him for

seven days. When he was released, Zhao discovered that his wife had not been sterilized "because doctors deemed her health too poor."

A finding of past persecution creates a rebuttable presumption of a well-founded fear of future persecution. Therefore, we remand this case to the BIA to determine in the first instance whether the government can rebut that presumption with respect to Zhao's asylum and withholding of removal claims. *See Guo v. Sessions,* 897 F.3d 1208, 1217 (9th Cir. 2018).

We deny Zhao's petition as to his CAT claim. Substantial evidence supports the agency's denial of CAT protection because Zhao failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to China. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Each party shall bear its own costs.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

14-73838